UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
LEONARDO MARTE and JOSE SIERRA,
Individually, and on Behalf of All Other
Persons Similarly Situated,

               Plaintiffs,

-v-

SAFETY BUILDING CLEANING CORP.
and GUILDNET, INC. d/b/a THE JEWISH
GUILD FOR THE BLIND,

               Defendants.
-------------------------------------------------------x

No. 08 Civ. 1233 (LTS)(DCF)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 0 2 2009
```

## ORDER

       Plaintiffs Leo Frailin Marte ("Marte") and Jose A. Sierra ("Sierra") (collectively, "Plaintiffs") bring this putative class and collective action against Defendants Safety Building Cleaning Corp. ("Safety") and Guildnet, Inc. d/b/a The Jewish Guild for the Blind (the "Guild") (collectively "Defendants") alleging violations of the Fair Labor Standard Act ("FLSA" or the "Act") and New York Labor Law overtime provisions. The Court has jurisdiction of this action pursuant 28 U.S.C. § 1331. The Guild now moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Court has reviewed thoroughly and considered carefully the parties' submissions. For the reasons stated below, the Guild's motion is denied.

### BACKGROUND

       According to the allegations in the Class and Collective Action Complaint (the "Complaint"), Plaintiffs performed cleaning and maintenance services for both Defendants at buildings owned and/or operated by Defendants in New York, New York and in Yonkers, New York. (Compl. at ¶¶ 27, 29.) Plaintiffs allege that, at all relevant times, Defendants have been and

continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, and that Defendants employed and/or continue to employ Plaintiffs. (Id. at ¶¶ 38-39.) According to the Complaint, each Defendant, either directly or indirectly, has hired and fired Plaintiffs, controlled Plaintiffs' work schedules and conditions of employment, determined the rate and method of their payment, and kept at least some records regarding their employment. (Id. at ¶ 11.) Plaintiffs allege that their work was performed in the normal course of Defendants' business and was integrated into the business of Defendants; it did not include managerial duties or the exercise of independent judgment. (Id. at ¶¶ 31, 32.) According to the Complaint, Plaintiffs often worked in excess of 40 hours a week, yet Defendants willfully failed to pay Plaintiffs overtime. (Id. at ¶ 30.) Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA. (Id. at ¶ 35.)

## DISCUSSION

The standard of review on a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is the same standard of review applied to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In re Ades and Berg Group Investors, 550 F.3d 240, 243, fn. 4 (2d Cir. 2008). The Court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999). A pleader must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (holding that the pleading standard expounded in Twombly applies to all civil actions).

The Guild moves for judgment on the pleadings on the grounds that it is not a proper party because the Complaint fails to allege sufficient facts to state a claim against the Guild as a

"joint employer" for the purposes of FLSA or New York Labor Law liability. The Guild's argument, however, is ultimately dependent on the Guild's factual assertion that it was Defendant Safety, rather than the Guild, that employed Plaintiffs directly. The Complaint, however, makes the same employment-related allegations as against both Defendants and, at this stage in the proceeding, the Court must accept those allegations as true. The Guild's motion, therefore, is denied without prejudice to the Guild's ability to challenge the viability of Plaintiffs' claim as against the Guild by way of a motion for summary judgment with appropriate evidentiary support.

## CONCLUSION

For the foregoing reasons, the Guild's motion for judgment on the pleadings is denied. This Order resolves docket entry no. 13.

The parties must appear for a pre-trial conference on October 9, 2009, at 11:00 a.m. and make submissions in advance of the conference in accordance with the Initial Conference Order entered on February 19, 2008 (Docket Entry No. 2.).

SO ORDERED.

Dated: New York, New York
September 2, 2009

LAURA TAYLOR SWAIN
United States District Judge